UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES                                    CRIMINAL ACTION

VERSUS

ANTWAIN ROBINSON                        NO.: 09-00145-BAJ-EWD

### RULING AND ORDER

Before the Court is the **Motion to Reduce Sentence (Doc. 97)** filed by Defendant, Antwain Robinson. Defendant seeks a reduction of his sentence pursuant to Amendment 782 of the sentencing guidelines. (*See Id.* at p. 3). Amendment 782 lowered the base offender level for many drug offenses. *See United States v. Hernandez*, 647 F. App'x 426, 427 (5th Cir. 2016) (unpublished) (per curiam). For the following reasons, Defendant's motions are **DENIED**.

I.     **BACKGROUND**

A jury found Defendant guilty of possession with intent to distribute fifty or more grams of crack cocaine. (Doc. 41). Based on Defendant's prior drug convictions, the Court found that Defendant was a career offender pursuant to U.S.S.G. § 4B1.1. (*See* Doc. 67; Doc. 50 at ¶ 23). Ultimately, the Court sentenced Defendant to 360 months of imprisonment. (Doc. 66). Defendant now seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 97 at p. 1).

## II. LEGAL STANDARD

This Court has discretion under § 3582(c)(2) to modify a sentence that is based on a sentencing range that the Sentencing Commission subsequently lowers. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (per curiam).

First, the Court must determine whether Defendant would have been eligible for a reduction if the amended guidelines range had been in effect at the time of Defendant's sentencing. *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Garcia*, 655 F.3d 426, 430 (5th Cir. 2011). In making this determination, the Court does not revisit the factual determinations made at sentencing. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). If the Court determines that Defendant would have been eligible for the reduction, then the Court may, in its discretion, determine whether a reduction is appropriate after considering the applicable § 3553(a) factors. *Garcia*, 655 F.3d at 431.

## III. DISCUSSION

Defendant's original offense level was not based on the amount of drugs involved in his offense. His original calculation was based on the Court's determination that he is a career offender within the meaning of Section 4B1.1, which ultimately determined his total offense level of 37, criminal history category of VI, and imprisonment range of 360 months to life. (Doc. 67 at p. 1). Amendment 782 does not have the effect of lowering the defendant's applicable guideline range. Therefore, a reduction pursuant to 18 U.S.C. § 3582(c)(2) is not appropriate in this case.

IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 97) is **DENIED**.

Baton Rouge, Louisiana, this 8th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**